No. 18-16496

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

STATE OF CALIFORNIA, et al.,

Defendants-Appellees.

On Appeal from the United States District Court
for the Eastern District of California

## SUPPLEMENTAL BRIEF FOR APPELLANT

JOSEPH H. HUNT
  *Assistant Attorney General*

McGREGOR SCOTT
  *United States Attorney*

HASHIM M. MOOPPAN
  *Deputy Assistant Attorney General*

AUGUST FLENTJE
  *Special Counsel*

EREZ REUVENI
  *Assistant Director*

LAUREN C. BINGHAM
JOSEPH A. DARROW
FRANCESCA GENOVA
JOSHUA S. PRESS
  *Trial Attorneys*
  *Office of Immigration Litigation*
  *District Court Section*

MARK B. STERN
DANIEL TENNY
KATHERINE TWOMEY ALLEN
LAURA MYRON
BRAD HINSHELWOOD
  *Attorneys, Appellate Staff*
  *Civil Division, Room 7215*
  *U.S. Department of Justice*
  *950 Pennsylvania Avenue NW*
  *Washington, DC 20530*
  *(202) 514-1838*

## TABLE OF CONTENTS

                               **Page**

INTRODUCTION AND SUMMARY ................................................................................1

STATEMENT .....................................................................................................................1

ARGUMENT ......................................................................................................................3

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Case:** **Page(s)**

*Arizona v. United States*,
    567 U.S. 387 (2012) .................................................................................................4

**Statutes:**

Consolidated Appropriations Act, 2019,
    Pub. L. No. 116-6, 133 Stat. 13 ...........................................................................1, 2, 3, 4

Consolidated Appropriations Act, 2018,
    Pub. L. No. 115-141, 132 Stat. 348 ...................................................................................2

Consolidated Appropriations Act, 2017,
    Pub. L. No. 115-31, 131 Stat. 135 .....................................................................................2

28 U.S.C. § 1357(g) ..............................................................................................................1

Cal. Gov't Code § 7284.6(a)(1)(F)-(G) ................................................................................5

**Legislative Material:**

H.R. Rep. No. 116-9, (2019) (Conf. Rep.) ................................................................. 2, 3, 4

## INTRODUCTION AND SUMMARY

Pursuant to this Court's order of March 1, 2019, we submit this supplemental brief regarding "the impact . . . of the Consolidated Appropriations Act, 2019, Pub. L. No. 116-6—in particular, those provisions concerning U.S. Immigration and Customs Enforcement, its delegation of law enforcement authority, and its policies regarding civil immigration detainees."

The recent appropriations act reflects the ongoing congressional oversight of immigration matters, which are the exclusive prerogative of the federal government. The state enactments at issue in this appeal seek to interfere with federal immigration law, and single out federal immigration officials for disparate treatment. Principles of intergovernmental immunity and preemption require that the state enactments be set aside.

## STATEMENT

In the recent appropriations act, Congress enacted a series of measures as part of its ongoing oversight of immigration matters. Congress prohibited U.S. Immigrations and Customs Enforcement (ICE) from continuing a delegation of immigration authority to state or local officials under section 287(g) of the Immigration and Nationality Act, 28 U.S.C. § 1357(g), "if the Department of Homeland Security Inspector General determines that the terms of the agreement governing the delegation of authority have been materially violated." Pub. L. No. 116-6, div. A, § 209, 133 Stat. 13, 22-23. Congress also prohibited ICE from spending

funds "to continue any contract for the provision of detention services if the two most recent overall performance evaluations received by the contracted facility are less than 'adequate' or the equivalent median score in any subsequent performance evaluation system." *Id.* § 210, 133 Stat. at 23.  These provisions continue policies that Congress has enacted in the last several appropriations statutes.  *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. F, § 210, 132 Stat. 348, 613-14 (restriction on 287(g) agreements); Consolidated Appropriations Act, 2017, Pub. L. No. 115-31, div. F, § 210, 131 Stat. 135, 412 (same); Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, div. F, § 211, 132 Stat. at 614 (restriction on contractor detention); Consolidated Appropriations Act, 2017, Pub. L. No. 115-31, div. F, § 211, 131 Stat. at 412 (same).

The Conference Report accompanying the legislation contemplated that the Office of Inspector General would "review ICE's implementation and oversight of the 287(g) program," and "continue its program of unannounced inspections of immigration detention facilities and publish the results of the inspections and other reports related to custody operations activities on its public website." H.R. Rep. No. 116-9, at 474 (2019) (Conf. Rep.).  The Conference Report also anticipated that the Director of ICE would provide one or more national, nonprofit organizations that might be "willing to identify pro bono immigration legal services providers" with "the location of all over-72 hour detention facilities, including those owned by ICE, by contractors, or by units of state or local government." *Id.* at 480.  In light of concern

about a finding in a recent audit by the Office of Inspector General that ICE had issued waivers to facilities with deficient conditions, the Report stated that waivers should only be approved by the ICE Director, and that the relevant congressional committees should be notified when waivers are approved. *Id.*

**ARGUMENT**

The recently enacted provisions underscore that the political branches of the federal government are engaged in extensive oversight regarding interactions with, and detention of, aliens who might be subject to removal. Congress focused not only on actions taken by the federal government directly, but also on actions taken by entities with delegated authority and by entities who participate in the detention of potentially removable aliens. Any legislation that California enacts that affects these areas must be consistent with the federal scheme.

Perhaps most directly relevant to the claims at issue in this case is the appropriations provision prohibiting the federal government from continuing contracts with detention facilities that have been found wanting in federal inspections. *See* Pub. L. No. 116-6, div. A, § 210, 133 Stat. at 23. Congress has not delegated to California, or any other State, responsibility for assessing the adequacy of immigration detention facilities. Rather, Congress engages in continuing oversight on this issue, relying on federal inspections. *See* Homan Decl. ¶ 56 [ER 469]; *see also* H.R. Rep. No. 116-9, at 474 (instructing Inspector General to continue program of unannounced

inspections). And Congress has engaged in oversight, in particular, regarding the availability of legal services for detainees. *See* H.R. Rep. No. 116-9, at 480.

As we have explained, in some circumstances, extensive federal oversight may overlap with generally applicable state laws. *See* Opening Br. 18. But the state enactments at issue here are not generally applicable, and instead specifically target federal immigration enforcement for special treatment, such as by creating (through AB 103) a unique inspection scheme applicable to federal immigration detainees alone. Even if California regards the federal scheme as deficient, it has no authority to impose burdens solely on those carrying out federal immigration law. Setting immigration policy is the exclusive prerogative of the national government. *Arizona v. United States*, 567 U.S. 387, 394 (2012).

The recent appropriations act also directs federal officials to ensure that they are exercising adequate control over state and local officials who help to carry out federal immigration law. *See* Pub. L. No. 116-6, div. A, § 209, 133 Stat. at 22-23. This need for federal control was at the forefront of the *Arizona* litigation, where this Court and the Supreme Court recognized that the federal immigration scheme imposed limitations on the ability of state officials to assist the federal government with immigration enforcement. California's enactments would thus be preempted even if they sought to assist federal officials, if they did so in a manner inconsistent with the federal scheme. *A fortiori*, California has no authority to enact laws that are not seeking to assist federal officials—indeed, California has generally prohibited its

4

officials from carrying out federal immigration law, *see* Cal. Gov't Code

§ 7284.6(a)(1)(F)-(G)—but rather seek to impede the orderly enforcement of federal

law by the federal government and those with whom it deals.

Respectfully submitted,

JOSEPH H. HUNT
   *Assistant Attorney General*

MCGREGOR SCOTT
   *United States Attorney*

HASHIM M. MOOPPAN
   *Deputy Assistant Attorney General*

MARK B. STERN

AUGUST FLENTJE
   *Special Counsel*

EREZ REUVENI
   *Assistant Director*

 *s/ Daniel Tenny*

DANIEL TENNY

LAUREN C. BINGHAM
JOSEPH A. DARROW
FRANCESCA GENOVA
JOSHUA S. PRESS
   *Trial Attorneys*
   *Office of Immigration Litigation*
   *District Court Section*

KATHERINE TWOMEY ALLEN
LAURA MYRON
BRAD HINSHELWOOD
   *Attorneys, Appellate Staff*
   *Civil Division, Room 7215*
   *U.S. Department of Justice*
   *950 Pennsylvania Avenue NW*
   *Washington, DC 20530*
   *(202) 514-1838*
   *daniel.tenny@usdoj.gov*

MARCH 2019

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit set out in this Court's order because it contains 999 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word 2016 in Garamond 14-point font, a proportionally spaced typeface.

*s/ Daniel Tenny*
Daniel Tenny

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 6, 2019, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

                                              *s/ Daniel Tenny*
                                              Daniel Tenny